# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

EVANGELINA RAMOS,

    Plaintiff,

v.                                                                                       Civ. No. 18-560 JCH/GJF

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on **August 14, 2018**. The Joint Status Report filed by Defendant, after consultation with the parties, is adopted as an order of the Court, except as provided below.

The deadline for Plaintiff to amend pleadings and/or join additional parties is **September 14, 2018**. The deadline for Defendant to amend pleadings and/or join additional parties is **October 15, 2018**.

Each side shall be limited to serving twenty-five (25) interrogatories to another side, each side shall be limited to serving twenty-five (25) requests for admission to another side, and each side shall be limited to serving twenty-five (25) requests for production to the other side. Responses shall be served within thirty (30) days. Depositions shall be limited to ten (10) per side. There shall be a seven-hour limit on all depositions unless extended by agreement of all parties.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. See *Musser v. Gentiva Health Servs*., 356 F.3d 751, 756-57 (7th Cir. 2004); FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to

Defendant in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **January 18, 2019**. Defendant shall identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **February 22, 2019**.

The termination date for discovery is **March 11, 2019**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **March 25, 2019**. Local Rule of Civil Procedure 7 provides motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in Local Rule of Civil Procedure 26.6.[1]

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **April 8, 2019**. Local Rule of Civil Procedure 7 shall also control their form and timing. Any pretrial motions, other than discovery motions, filed after the above dates may be considered untimely in the discretion of the Court.

---

[1] Of course, Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the twenty-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

Motion practice must be conducted in accordance with the local rules. In particular, the Court would highlight Local Rule of Civil Procedure 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff to Defendant on or before **May 24, 2019**; Defendant to Court on or before **June 7, 2019**. Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE